IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KIMBERLY K. LEAVELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 19-1004-JWL** |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

MEMORANDUM AND ORDER

This matter is before the court on a motion for approval of an attorney fee (Doc.

14) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b).   Plaintiff's

motion is GRANTED, approving a fee in the amount of $12,405.00 pursuant to the

Social Security Act.

I.     Background

Plaintiff filed a Complaint in this court on January 9, 2019, seeking judicial review

of a decision of the Commissioner of the Social Security Administration.    (Doc 1).

_____

[1] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social
Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms.
Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.   In
accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

After the Commissioner answered and filed the administrative record in this case,

Plaintiff filed her Social Security Brief on April 22, 2019.   (Doc. 8).   On May 22,

2019, the Commissioner filed her Response Brief.   (Doc. 9).   On November 13, 2019,

this court issued a Memorandum and Order reversing the Commissioner's decision and

remanded the case in accordance with sentence four of 42 U.S.C. § 405(g) for further

proceedings.   (Doc. 10).   The court granted Plaintiff's motion for attorney fees

pursuant to the Equal Access to Justice Act on February 5, 2020.   (Doc. 13).   On

remand, the Commissioner issued a fully favorable decision on March 3, 2023 and a

Notice of Award on March 21, 2023.   (Pl. Mot., Attachs. 1, 2).   The total award of past

due benefits was $58,035.90, and the Social Security Administration withheld $14,508.98

from which to pay representative fees.   Id., Attach. 2, p.3.   Plaintiff now seeks award

of attorney fees of $12,405.00 pursuant to § 206(b) of the Social Security Act.   42

U.S.C. § 406(b).

## II.     Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past

due benefits awarded to a beneficiary.   42 U.S.C. § 406(b).   The court has discretion to

approve such a fee.   McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).

However, the court has an affirmative duty to allow only so much of the fee as is

reasonable.   Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at

498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case.  Where there is a contingency-fee agreement between plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness.  Gisbrecht, 535 U.S. at 807-08.  In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case.  Id. 535 U.S. at 808.  The Court noted that the comparison of amount of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate.  Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010).  It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness

fees yielded by those agreements.'"   Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09).

The court noted that the Court provided examples of proper reasons for reducing 406(b)

fee requests:

> (1) when "the character of the representation and the results the
> representative achieved" were substandard; (2) when "the attorney is
> responsible for delay" that causes disability benefits to accrue "during the
> pendency of the case in court"; and (3) when "the benefits are large in
> comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808).   The court acknowledged six factors recognized

by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a

406(b) reasonableness determination—although it merely "assum[ed], without granting,

that the district court had some obligation to" consider those factors.   Id. (citing McGuire

v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required;

contingency of fee; amount involved and result attained; experience, reputation, and

ability of attorney; and awards in similar cases.").   The Tenth Circuit reviews "a district

court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v.

Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's

decision was 'based on a clearly erroneous finding of fact or an erroneous conclusion of

law or manifests a clear error of judgment,'"   Id. at 935 (quoting United States v.

McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

The court notes how courts in this district have performed the analysis in recent

years.   Russell v. Astrue, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming an

award of fees which represented an effective hourly rate of $422.92, midway between

counsel's normal hourly rate of $275 and the effective hourly rate of the fee requested—

$611); Kotchavar v. Comm'r of Soc. Sec. Admin., Civil Action No. 14-1333-KHV, 2018

WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly

rate of $400); Tacey v. Berryhill, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at

*3 (D. Kan. Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); Williams

v. Berryhill, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018)

(affirming fee request resulting in an effective rate of $286.99 and citing cases approving

fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Boyer v.

Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018)

(affirming fee request resulting in an effective rate of $400.07 and citing cases approving

fee awards resulting in effective hourly rates ranging from $258.63 to $432.02);

Schoonover v. Colvin, Case No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec.

15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and

reducing award to result in hourly rate of $400); Duff v. Colvin, Case No. 13-CV-02466-

DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented

an hourly rate of $358.50); Roland v. Colvin, No. 12-2257-SAC, 2014 WL 7363016, at

*1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28);

Bryant v. Colvin, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014)

(approving fees at an effective hourly rate of $418.28); Smith v. Astrue, No. 04-2196-

CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of

$389.61 within the range of hourly rates in similar cases in this district).   This court

5

recently approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting

in an equivalent hourly rate for non-contingent work of almost $263; Madrigal v.

Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan. October 19, 2021); and

at an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent

work of $357.82; Gardipee v. Saul, Case No. 20-1001-JWL, 2021 WL 826206, *3 (D.

Kan. Mar. 4, 2021).

## III.    Discussion

Here, Plaintiff's attorney requests a fee award of a little more than $2,000 less than

the full 25 percent of Plaintiff's past due benefits, or $12,405.00.   He included a copy of

the contingent fee agreement signed by Plaintiff, in which she agreed to a fee of 25

percent of past due benefits.   (Doc. 15, hereinafter Pl. Mem., Attach. 1).   Counsel

submitted a listing of the hours expended in prosecuting this case before this court

showing 26.9 hours expended.   Id., Attach. 3.   Counsel argues that his skill,

competence, expertise, and experience produced a positive result in this case and support

awarding the fee requested.   (Pl. Mem. 8-13).

The Commissioner submitted a response to Plaintiff's Motion asserting that she

"generally takes no position on such petitions.   However, to the extent the Court [sic]

requires a response, the Commissioner has no objection to the petition in this case."

(Doc. 16, p.1).

The court has considered both the Gisbecht and the McGuire factors and the

arguments of counsel and makes the following findings.   Plaintiff has met her burden to

justify the award of a $12,405.00 fee as reasonable in the circumstances present here.

Counsel achieved a good result for Plaintiff in this case.   The contingent nature of the fee

justifies a fee award which is higher than the normal hourly rate charged by practitioners

when the claimant prevails in order to to encourage practitioner to take such cases and to

provide for those cases taken which are not successfully concluded.   This is particularly

true due to the deferential standard applicable in Social Security cases, <u>Biestek v.</u>

<u>Berryhill</u>, 139 S. Ct. 1148, at 1154, 1157 (2019), and the court's strict adherence to that

standard.

Both the Commissioner and Plaintiff's counsel remind the court that the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412, fee of $5,100 awarded in this case must

be refunded to the Plaintiff.

The court finds that $12,405.00, is a reasonable fee in the circumstances of this

case.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the

Commissioner shall pay Plaintiff's counsel the sum of $12,405.00 from Plaintiff's past

due benefits and Plaintiff's counsel shall refund the EAJA fee of $5,100.00 to Plaintiff.

Dated April 7, 2023, at Kansas City, Kansas.


     s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

7